UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZENGWANG LIU,

        Petitioner,

    v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER,

        Respondent.

No. 1:26-cv-02394-DAD-JDP

ORDER GRANTING PETITION FOR WRIT
OF HABEAS CORPUS AND DENYING
PETITIONER'S MOTION FOR
TEMPORARY RESTRAINING ORDER AS
HAVING BEEN RENDERED MOOT

(Doc. Nos. 1, 16, 19)

On March 27, 2026, petitioner Zengwang Liu filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner alleges that he is a native and citizen of China, an immigration judge order him deported on November 30, 1995, he was taken into immigration custody on or about January 21, 2026, and while in custody he signed immigration paperwork after officials told him that signing the paperwork would mean he could likely be removed within approximately one to three weeks. (Doc. No. 16 at 5.) Petitioner seeks immediate release. (Doc. No. 1 at 7.) On March 27, 2026, petitioner filed a motion for temporary restraining order, which the court denied without prejudice to its renewal. (Doc. Nos.

/////

1

2, 9.)  On April 28, 2026, petitioner filed a renewed motion for temporary restraining order pointing to the absence of any evidence that his removal is likely, such as a travel document, removal itinerary, consular approval, or concrete removal date.  (Doc. No. 16.)

On April 29, 2026, respondent filed a supplement to their opposition to petitioner's initial motion for temporary restraining order.  (Doc. No. 18.)  Respondent argues therein that although the age of the removal order is a concern, respondent is in possession of petitioner's passport, which is still valid and petitioner has not yet been detained for six months.  (*Id.* at 1–2.)  Also on April 29, 2026, respondent filed a request asking the court to lift its no-transfer order, but provides no further information in support of that request.  (Doc. No. 19.)

In *Zadvydas*, "the Supreme Court recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final."  *Ghamoushi-Ramandi v. Noem*, No. 26-cv-01758-LL-SBC, 2026 WL 984278, at *2 (S.D. Cal. Apr. 13, 2026) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).  "Multiple district courts have found that the six-month presumption in *Zadvydas* is rebuttable."  *Id.* (collecting cases).  "Accordingly, courts have granted *Zadvydas* relief before six months when the petitioner provides clear evidence showing that removal is not reasonably foreseeable."  *Id.* at *3 (collecting cases).  Here, petitioner has provided clear evidence his removal is not reasonably foreseeable because his removal order became final in 1995 and yet immigration authorities have been unable to remove petitioner in the three decades since then, and petitioner signed paperwork that immigration officials represented would result in swift removal and yet petitioner remains detained without any indication that immigration officials have the ability to remove him.  *See Burunsuzyan v. Noem*, No. 5:26-cv-00049-RGK-AGR, 2026 WL 246067, at *5 (C.D. Cal. Jan. 27, 2026) (finding the six-month presumption rebutted where immigration officials had failed to remove the petitioner for decades).  Because respondent does not explain the import of having possession of petitioner's passport to the issue of the likelihood of his removal at this time, the court finds this insufficient to overcome the evidence relied upon by petitioner and the reasonable inferences to be drawn from that evidence.  The court finds that petitioner's detention has become prolonged and, accordingly, will grant the petition for writ of habeas corpus.

For the reasons explained above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED;

    a.  Respondent is ORDERED to immediately release petitioner, A-File No. 073-638-601, from respondent's custody on the same conditions he was subject to immediately prior to his January 21, 2026 detention;

    b.  Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge;

2.     Petitioner's renewed motion for a temporary restraining order (Doc. No. 16) is hereby DENIED as having been rendered moot in light of this order granting his habeas petition on the merits;

3.     Respondent's request to lift the court's no-transfer order (Doc. No. 19) is DENIED as having been rendered moot by this order granting his habeas petition on the merits;

4.     The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Center; and

5.     The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:   __**May 15, 2026**__                    _____
                                                 DALE A. DROZD
                                                 UNITED STATES DISTRICT JUDGE

3